```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
ELLIE STEWART, JANETTE P.       :
BOWEN, CHARLES SIDDEN, MICHAEL  :
DOUGLAS, YVONNE SINGLETON,      :
LEVEDA CURRY, GEANE HEWITT      :
GITTENS, DELILAH BURROWES,      :
DEDRIE E. PARIS, IDRISSA GAYE,  :
and DEBORAH ALEX-SAUNDERS,      :
                                :
               Plaintiffs,      :
                                :
    -against-                   :
                                :
MARIANNE LAKE, ROBERT BENTLEY,  :       No. 16 Misc. 351 (P1)
JAMES MACKEY, JOHN GERSPACH,    :          OPINION & ORDER
BRUCE R. THOMPSON, ALEEM        :
GILLANI, BRUCE ROSE, DARYL      :
BIBLE, KELLY KING, JOHN         :
SHREWSBERRY, JOHN V. BRITTI,    :
CHRISTOPHER HALMY, JANET        :
MCCLUSKY, PAUL INCE, LEWIS      :
HOWARD WISHBA, TAJ J. BINDRA,   :
ANDY CECERE, STEFAN KRAUSE,     :
MARCUS SCHENCK, and MARK        :
HELMY,                          :
                                :
               Defendants.      :
------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/20/2017

**JOHN F. KEENAN, United States District Judge:**

On September 29, 2016, pro se plaintiffs filed an "Abstract of Judgment and Statement of Claim Collateral Estoppel and the Administrative Process" in Part One of this Court. These plaintiffs have previously filed substantially similar complaints in the Eastern District of New York, <u>Mele v. Fed. Res. Bd.</u>, Case No. 14 Civ. 7425, and in this Court, <u>Stewart v. Lake</u>, Case No. 16 Civ. 2684. In each of these cases, the Court

1

dismissed the complaint for lack of subject matter jurisdiction and failure to comply with Federal Rule of Procedure 8, which governs pleadings in federal court. See Stewart, No. 16 Civ. 2684, ECF No. 16; Mele, No. 14 Civ. 7425, ECF No. 23.

Review of the "Abstract of Judgment and Statement of Claim Collateral Estoppel and the Administrative Process" reveals the same infirmities present in the complaints dismissed in plaintiffs' other actions filed in this Circuit: lack of subject matter jurisdiction and failure to comply with Federal Rule of Procedure 8.

Frankly, this document is incoherent. It fails to include either a "short and plain statement of the grounds for the court's jurisdiction" or a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Mindful as the Court is that these litigants appear pro se, the Court construes this document liberally. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Even so, the only basis identified for subject matter jurisdiction is the Declaratory Judgment Act, 28 U.S.C. § 2201. But "[t]he Declaratory Judgment Act does not expand the jurisdiction of the federal courts." Nike, Inc. v. Already, LLC, 663 F.3d 89, 95 (2d Cir. 2011).

Moreover, neither federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332, exists

here. First, while the document lists several federal statutes, it fails to identify any specific facts or causes of action from which the Court may infer federal question jurisdiction. Second, the document includes a list of plaintiffs' and defendants' residences, indicating a lack of complete diversity as required by 28 U.S.C. § 1332(a). See Briarpatch Ltd. v. Phx. Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004) ("The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant.").

Federal Rule of Civil Procedure 12(h)(3) requires a Court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Moreover, a district court has the inherent authority to sua sponte dismiss a complaint as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Accordingly, the Court dismisses this action. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:     New York, New York
           March 20, 2017

*/s/ John F. Keenan*
John F. Keenan
United States District Judge
PART ONE

3